UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY J. COLEMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3209 |
| | ) | |
| JEFF KORTE, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging procedural due process and failure to protect claims relating to events that occurred while he was incarcerated at Western Illinois Correctional Center. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its

face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff filed a Motion to Accept Supplemental Exhibit seeking the Court to accept an exhibit referenced in his Complaint, but inadvertently omitted therefrom.  (Doc. 6).  Plaintiff's Motion is granted.  The Court will consider the exhibit attached therein for purposes of this merit review screening.

## ALLEGATIONS

Plaintiff alleges that he was placed into disciplinary segregation at Western Illinois Correctional Center ("Western") following a self-reported incident involving another inmate who had spit at Plaintiff and called Plaintiff derogatory names.  Plaintiff alleges he reported this incident to Defendant Harney who then issued a disciplinary report against Plaintiff.

Plaintiff alleges that the Adjustment Committee (comprised of Defendant Vincent and Defendant Schutte) found him guilty of the alleged offense following a disciplinary hearing.  Plaintiff alleges that the Adjustment Committee denied Plaintiff's request for Defendant Harney to appear as a witness at the hearing.  Plaintiff alleges that Defendant Korte signed off on this decision despite learning

Plaintiff's version of the events via letter sent shortly after Plaintiff was sent to segregation.

Plaintiff feared attack from the inmate involved in the spitting incident while he was in segregation. Plaintiff alleges he conveyed these fears via letter to Defendant Megginson (Internal Affairs) and in person to Defendant Teel (psychologist). Plaintiff alleges he was never interviewed by Internal Affairs.

## ANALYSIS

### Procedural Due Process

Plaintiff alleges that Defendants Vincent, Schutte, and Korte violated his due process rights by failing to call a requested witness and by finding him guilty despite knowledge of his version of the events. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon this deprivation were constitutionally deficient." Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007).

Plaintiff's initial placement in disciplinary segregation pending a hearing does not implicate due process concerns as prisons have

a legitimate security interest in not allowing one suspected of a disciplinary rule to roam free within the facility.  See Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005) (analogizing temporary segregation for an alleged violation of a disciplinary rule to an arrest without a warrant pending a probable cause hearing).

According to exhibits attached to Plaintiff's Complaint, Plaintiff received 15 days in segregation and a demotion to "C Grade" as a result of the disciplinary hearing.  Plaintiff may be able to allege a sufficient deprivation to trigger due process concerns, however, a person already confined may not create a federal claim "by citing small, incremental deprivations of physical freedom."  Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002).  Instead, Plaintiff's liberty interest is balanced against the ordinary incidents of his confinement.  Id.  Only those restrictions that impose an "atypical and significant hardship" will trigger due process concerns.  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff could possibly state a claim against Defendants Korte, Vincent, and Schutte for their roles on the Adjustment Committee.  Therefore, Plaintiff is granted leave to file an amended complaint detailing the conditions he endured while placed in disciplinary

segregation.  Because the allegations in Plaintiff's complaint do not yet implicate due process concerns, the Court does not address Plaintiff's other allegations.

## Failure to Protect

The Eighth Amendment imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  The duty requires prison officials "to protect prisoners from violence at the hands of other prisoners."  Id. at 833 (internal quotations omitted).  To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk.  Id. at 834.

For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."  Id. at 843.  Plaintiff alleges that he

faced a risk of serious harm from a particular prisoner. Liberally construed, Plaintiff has satisfied the first prong.

Next, Plaintiff must allege that prison officials were deliberately indifferent to this risk. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he was released back into general population after informing Defendant Megginson of a specific threat to his safety. Plaintiff never received a response. Furthermore, the fact that Plaintiff feared the same person with whom he had already been in an altercation creates an inference that prison officials were aware of the problem and chose to ignore it. On these grounds, the Court cannot rule out a failure to protect claim against Defendant Megginson.

**Deliberate Indifference to Serious Medical Needs**

To state a claim for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A need for mental health treatment could be considered an objectively serious medical need. Sanville v. McCaughtry, 266 F.3d 724, 733 (7th Cir. 2001).

Plaintiff alleges that Defendant Jane Doe failed to arrange a meeting with a psychologist after Plaintiff told her that he was feeling suicidal. Plaintiff alleges that he was and is currently prescribed anxiety medication. Plaintiff alleges that four (4) days elapsed before he was seen by Defendant Teel. Based upon this, Plaintiff has sufficiently stated a claim for deliberate indifference to a serious medical need against Defendant Jane Doe and Defendant Teel. See Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (delay in treatment can support a claim for deliberate indifference to a serious medical need).

**Remaining Defendants**

Plaintiff does not allege that Defendants Ruiz, Stolworthy, or Goins personally participated in the alleged constitutional violations

and should be dismissed. See <u>Vance v. Peters</u>, 97 F.3d 987, 991 (7th Cir. 1996) ("[L]iability [under § 1983] does not attach unless the individual defendant caused or participated in a constitutional deprivation." (citations omitted)).

Finally, Plaintiff's allegations that Defendant Harney issued a false disciplinary report do not state a claim. Defendant Harney's constitutional liability ceased when Plaintiff was provided a hearing on the allegations. See <u>Hadley v. Peters</u>, 841 F. Supp. 850, 856 (C.D. Ill. 1994) (citing <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1140 (7th Cir. 1984)). Therefore, Defendant Harney should be dismissed.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims: Eighth Amendment claims for failure to protect against Defendant Megginson and deliberate indifference to a serious medical need against Defendant Jane Doe and Defendant Teel. Plaintiff is given 30 days to file an amended complaint to include more facts regarding his procedural due process claim. If Plaintiff chooses to file an amended complaint, he must include all allegations against all defendants. Piecemeal amendments are not permitted. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2) Defendants Vincent, Schutte, Ruiz, Stolworthy, Goins, and Harney will be dismissed. Defendant Korte shall remain a defendant at this time for purposes of identifying**

**Defendant Jane Doe.  See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555-56 (7th Cir. 1996).**

**3)     Plaintiff filed a Motion to Request Counsel [5].  The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)).  Plaintiff has shown that he made a reasonable attempt to secure counsel on his own. Plaintiff's correspondence with the Court at this point, however, has been appropriate.  Given the relative simplicity of Plaintiff's claims, the Court finds that Plaintiff is capable of representing himself at this time.  Plaintiff's Motion [5] is DENIED with leave to renew.**

**4)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

**5)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

**6)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that**

Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.

ENTERED:     October 20, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE