UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY J. COLEMAN, JR. a/k/a LENARD WRIGHT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  15-3209 ) ) |
| JEFF KORTE, *et al.* | ) ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging failure to protect and deliberate indifference to a serious mental health need for events that allegedly during his incarceration at Western Illinois Correctional Center. The matter comes before this Court for ruling on the Defendant Teel's Motion for Summary Judgment. (Doc. 22). The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Defendant Teel filed her motion for summary judgment on February 2, 2016. (Doc. 22).  Defendant Teel sent Plaintiff notice of the motion the same day, which included the relevant portions of Rule 56 of Federal Rules of Civil Procedure regarding the consequences of failure to respond.  (Doc. 23).  In addition, the Clerk sent Plaintiff notice of the motion, again detailing the

consequences for failure to respond. (Doc. 26). In the Text Order entered June 28, 2016, the Court *sua sponte* granted Plaintiff an additional 21 days to file a response.

Plaintiff did not file a response to Defendant's motion, nor did he file a motion requesting additional time. Therefore, the Court will consider Defendant Teel's assertions of fact as undisputed for purposes of ruling on the motion. See Fed. R. Civ. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

Plaintiff filed his Complaint on July 20, 2015. (Doc. 1). In his Complaint, he alleges that Defendant Teel, a psychologist, failed to meet with him for four (4) days during a crisis situation. Plaintiff states that he filed a grievance about this delay, but that the grievance was "still pending with the grievance officer" at the time he filed the lawsuit. Id. at 10, ¶ 23. Plaintiff attached the relevant grievance, dated June 21, 2015, to his Complaint. (Doc. 1-1). None of the other grievances attached to Plaintiff's Complaint mention Defendant Teel. See id. at 6-8, 12-19.

Records from the Administrative Review Board ("ARB") disclose that Plaintiff's counselor answered Plaintiff's grievance on June 25,

2016. (Doc. 22-1 at 3). The grievance officer received the grievance on July 2, 2015, and Chief Administrative Officer (in this case, the Warden) concurred in the decision to deny the grievance on August 25, 2015. Id. at 4.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit

has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." <u>Dole v. Chandler</u>, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." <u>Id.</u>; <u>see Dole</u>, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." <u>Maddox v. Love</u>, 655 F.3d 709, 721 (7th Cir. 2011) (citing <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007)).

    The Illinois Administrative Code establishes the grievance procedures for Illinois Department of Corrections inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 Ill. Admin. Code § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives

rise to the grievance." Id. § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause...." Id. A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. Id. § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. Id. § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. Id. § 504.850(e).

Plaintiff admits in his Complaint that the grievance process as it relates to Defendant Teel was ongoing at the time he filed this lawsuit. An inmate may not exhaust administrative remedies while a lawsuit is pending. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (to prevent subversion of the "negotiate now, litigate later" principle espoused in the PLRA, "it is essential to keep the courthouse doors closed until [efforts to resolve the matter outside of court] have run their course."). Therefore, the Court finds that

Plaintiff failed to fully exhaust his administrative remedies prior to filing suit as required by the PLRA.

**IT IS THEREFORE ORDERED that Defendant Teel's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [22] is GRANTED. Defendant Teel is dismissed from this lawsuit without prejudice. Clerk is directed to terminate Defendant Teel.**

ENTERED: July 21, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE