UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANTHONY J. COLEMAN, JR, A/K/A )
LENARD WRIGHT, )
 )
          Plaintiff, )
 )    15-3209
v. )
 )
JEFF KORTE, *et al.* )
 )
          Defendants.

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for failure to protect from harm arising from incidents that transpired while he was incarcerated at Western Illinois Correctional Center. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

At all times relevant, Plaintiff was incarcerated at Western Illinois Correctional Center ("Western"). Defendants were employed at Western in the following capacities: Defendant Korte was the

Warden, and Defendant Megginson was a lieutenant assigned to Internal Affairs. All other defendants named in Plaintiff's complaint, except for Defendant Nurse Jane Doe, have been dismissed.

On May 12, 2015, another inmate in Plaintiff's housing unit spit through the window screen in Plaintiff's cell door after calling Plaintiff several derogatory names. The next day, Plaintiff told Malia Harney, the associate dean of the college program, that Plaintiff would be forced to fight this inmate if officials did not take action. Ms. Harney reported Plaintiff's comments to other staff, and, according to Plaintiff's deposition testimony, Defendant Megginson interviewed Plaintiff regarding the incident. Pl.'s Dep. 17:23-18:12. Shortly thereafter, Plaintiff was taken to segregation pending a disciplinary hearing for violating the rule against threats and intimidation. Plaintiff was later found guilty and sentenced to 15 days in segregation.

Plaintiff wrote several letters and grievances regarding the incident and the resulting punishment. In a letter sent to Defendant Korte, Plaintiff briefly describes the incident with the other inmate and complains about the severity of punishments for

violating certain rules. (Doc. 1-1 at 2-3). The letter does not state that Plaintiff feared any future harm or retribution from the other inmate as a result of the May 2015 incident. Only one of the grievances, dated June 16, 2015, states that Plaintiff feared attack from the other inmate. (Doc. 1-1 at 15); see also (Docs. 1-1 at 6-7, 9-10, 12-15; 18-19).

Plaintiff testified that he sent two letters to Defendant Megginson while he was in segregation describing his fear of the other inmate and his reservations about being released into general population. Pl.'s Dep. 40:7-17; 42:18-23. Plaintiff has not produced copies of these letters—any copies are at "home" and he has no access to them. *Id.* 41:2-8. Defendant Megginson does not dispute that Plaintiff wrote the letters. Instead, he states in his affidavit that he does not recall receiving them. (Doc. 37-2 at 1, ¶ 3).

Plaintiff also testified that he told Defendant Teel[1] about his fears in a personal conversation while he was in segregation. According to Plaintiff, Defendant Teel stated that she would notify

---

[1] Plaintiff's claims against Defendant Teel were dismissed without prejudice on July 21, 2016, for failure to exhaust administrative remedies. (Doc. 29).

Internal Affairs of his statements. Plaintiff does not know if she ever followed through.

Despite his expressed fears, Plaintiff was sent back into general population where he was housed in a unit different from the one where the incident with the other inmate had occurred. Pl.'s Dep. 33:11-15. Plaintiff is not sure where the other inmate was housed at that time, but, at any rate, Plaintiff only encountered this inmate one time thereafter while "outside on the walk." Id. 43:13-22. Plaintiff suffered no physical injury as a result of prison officials' actions in this case. Id. 44:2-5.

## ANALYSIS

To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. at 843.

A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 843. A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). A prisoner complaint "that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk," but a generalized, vague, or stale concern about one's safety is not sufficient. Gevas v. McLaughlin, 798 F.3d 475, 480-81 (7th Cir. 2015) (collecting cases).

**Defendant Megginson**

Defendant Megginson does not dispute that he interviewed Plaintiff after Plaintiff told Ms. Harney about the incident, and the Court assumes Plaintiff conveyed the same information he told Ms. Harney. Defendant Megginson also does not dispute that Plaintiff

sent letters outlining Plaintiff's trepidation about returning to general population where the other inmate was housed. In the absence of any evidence disputing Plaintiff's testimony, the Court finds that a triable issue of fact exists as to whether Defendant Megginson had personal knowledge of a specific risk of harm Plaintiff faced.

Even so, no reasonable juror could conclude that Defendant Megginson, or other prison officials, acted with deliberate indifference. Once Plaintiff informed Ms. Harney of the situation between him and the other inmate, Plaintiff was removed from the housing unit where the incident happened and sent to segregation. Once transferred back to general population, Plaintiff was not sent back to the same unit where the incident happened. Plaintiff saw the inmate only one time thereafter, and Plaintiff does not know where the other inmate was housed after the incident.

Both inmates may have been housed in units designated for inmates in general population, but this alone does not mean that prison officials failed to take reasonable steps to prevent any risk of harm Plaintiff faced. The only reasonable inference that can be drawn from the record is that, after the incident, Plaintiff and the

other inmate were either housed in separate units, or, if housed in the same unit, they were kept away from each other. Accordingly, the Court finds that no reasonable juror could conclude that Defendant Megginson acted with deliberate indifference.

## Defendant Korte and Defendant Nurse Jane Doe

Defendant Korte remained a defendant in this matter following the Court's merit review screening solely for purposes of assisting Plaintiff in determining Defendant Nurse Jane Doe's identity. (Doc. 8 at 8-9, ¶ 2). The Court's Scheduling Order directed Plaintiff to file a motion to substitute the real name of any Doe defendant within 60 days. (Doc. 21 at 5, ¶ 9). Plaintiff was advised that a failure to do so could result in dismissal of the Doe defendant without prejudice. Id. Plaintiff did not file any such motion, nor did he file a motion requesting additional time to do so. Accordingly, the Court will dismiss these defendants.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [36] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **Defendant Nurse Jane Doe is dismissed without prejudice for Plaintiff's failure to comply with the Court's Scheduling Order. Clerk is directed to terminate Defendant Nurse Jane Doe.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED: January 5, 2018.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
